[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, John Dubourg, commenced this medical malpractice action against the defendant, Edward Osborn, to recover damages allegedly sustained as the result of the defendant' s negligent treatment and diagnosis of the plaintiff's eye. The plaintiff now moves for summary judgment on the defendant's special defense of the statute of limitations, General Statutes Sec. 52-584.
The decisions of the Connecticut Superior Court, including decisions of this court, are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper.Gianetti v. National Grange Insurance, 11 Conn. L. Rptr. 234 (March 8, 1994, Freedman, J.); Benjamin v. Nunes, 9 Conn. L. Rptr. 143
(May 23, 1993, McDonald, J.); Espowood v. Springfield TerminalRailway Co., 9 Conn. L. Rptr. 547 (August 5, 1993, Stanley, J.);Conlam, Inc. v. Heritage Kitchens, Ltd., 6 Conn. L. Rptr. 406 (May 13, 1992, Flynn, J.); Rogers v. Daley Development Co., Inc.,3 Conn. L. Rptr. 76 (December 19, 1990, Pickett, J.); but seePeople's Bank v. BMI Industries, 3 CSCR 450 (April 26, 1988, Hennessey, J.) (allowing motion for summary judgment to challenge legal sufficiency of special defense when pleadings are closed). Such a motion is improper because Practice Book Sec. 379 does not provide for summary judgment on special defenses. "Judgments are rendered on complaints or counterclaims, or on specific counts or counterclaims, but there is no provision under Connecticut practice for a `judgment' to be entered on a special defense." (Citation and internal quotation marks omitted.) Rogers v. Daley Development Co.,Inc., supra.
Accordingly, the plaintiff's motion for summary judgment is denied.
PICKETT, J.